## MATTER OF INGUANTI

### In Section 248 Proceedings

### A-13387107

*Decided by Regional Commissioner September 14, 1965*

A citizen of Italy is denied a change of nonimmigrant status under section 248, Immigration and Nationality Act, as amended, from visitor for business to that of treaty investor since there is no treaty of commerce and navigation between the United States and Italy relating to investors as required under section 101(a)(15)(E)(ii) of the Act.

**Discussion:** The application was denied by the District Director at Miami, Florida on July 2, 1965. It is now considered on appeal.

The applicant is a 30-year-old native of Egypt, a citizen of Italy and a resident of Venezuela. He was admitted to the United States on April 30, 1965 as a visitor for business. He has been admitted to the United States several times previously as a visitor for business.

The applicant owns 19 percent of a firm in Venezuela. The firm is a partnership in which all the partners, including the applicant, are Italian citizens. The firm is capitalized at $107,000 and exports shrimp to the United States with a value of $1,500,000 annually. This Venezuelan firm has invested $20,000 and holds a two-thirds interest in a Florida corporation engaged in the business of operating seafood restaurants. Two restaurants are in operation, a third is ready to operate and nine more are planned. The Florida corporation owns three-fourths of the common stock of another Florida corporation which is engaged in selling franchises for the operation of restaurants using the name Shrimp Box. The activities of both of these Florida corporations developed potentially large customers for the shrimp exporting business of the firm in Venezuela.

The applicant when in the United States as a visitor for business has been involved in the establishment of the businesses of the two Florida corporations. The franchises sold provide for assistance to the buyer in establishing a business with expertise furnished for the handling of shrimp and other seafood. The applicant seeks a

change of status to be able to devote more time to these activities than he is permitted in his present visitor for business classification. He seeks a classification under section 101(a)(15)(E) of the Immigration and Nationality Act, which reads as follows:

An alien entitled to enter the United States under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national, and the spouse and children of any such alien if accompanying or following to join him: (i) solely to carry on substantial trade, principally between the United States and the foreign state of which he is a national; or (ii) solely to develop and direct the operations of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital . . .

The applicant through his attorney concedes that he does not come within subdivision (i); however, he claims to qualify as an investor under subdivision (ii). The District Director has denied the application with respect to subdivision (ii) on the ground that no treaty with Italy exists for the investor part of section 101(a)(15)(E). Attorney for the applicant argues that the Treaty of Friendship, Commerce and Navigation between the United States and Italy which entered into force July 26, 1949, 63 Stat. 2255, should apply.

Prior to the Immigration and Nationality Act of 1952, there was a provision in effect for treaty traders in the Act of May 26, 1924 as amended, section 3(6), which allowed entry limited to "an alien entitled to enter the United States solely to carry on trade between the United States and the foreign state of which he is a national under and in pursuance of the provisions of a treaty of commerce and navigation . . ." From a comparison of the former and the present law, it is clear that the subsection relating to investors is new. There has been no new treaty between the United States and Italy to specifically include a provision relating to treaty investors.

Attorney for the applicant makes reference to parts of the treaty of July 26, 1949 and argues that the treaty should be construed as providing for the admission of investors. These parts of the treaty have been carefully considered, and although they relate to matters with which an investor would be concerned, they do not specifically provide for the admission to the United States of an investor as a nonimmigrant. It is concluded that notwithstanding the existence of a treaty of commerce and navigation with Italy since July 26, 1949, there is no such treaty for investors as required under section 101(a)(15)(E)(ii) of the Immigration and Nationality Act of 1952.

ORDER: The decision of the District Director at Miami, Florida is affirmed, and the appeal of the appellant is hereby dismissed.